Good morning, Your Honors. Jan Norman on behalf of the Appellant Enrique Torres. This is really a simple case of Mr. Torres trying to get his sentence corrected. As the opening briefs and other papers demonstrated, he was initially sentenced to life without possibility of parole. Eventually, through different appellate proceedings, his sentence was changed to 15 years to life, and then there is some disagreement as to the rest of the sentence. He had 15 years to life plus five years for the personal use of a firearm. So we're at 20 years. It's the last four years that are really at issue here. Now, what's really at issue here is the petition was denied as untimely, and I have taken the position, Mr. Torres has taken the position, that either under the principles of equitable tolling or gap tolling, that finding of untimeliness is incorrect. Let me just, before we get into the details of gap tolling and equitable tolling, and I only want to just briefly ask you this. It seems like the sentencing issue could readily be identified as an error under California law if, in fact, it was an error. Is that right? I'm not exactly sure. So the whole dispute, as you pointed out, deals with the last four years, correct? Correct. All right. Now, either there was a mistake under California law or there wasn't, right? Correct. So have you discussed with the Attorney General whether or not it could be resolved? Well, Your Honor, at this point, I guess I didn't go to the Attorney General because simply it's been debated with the District Attorney and the AG's office for the last how many years, well over ten years. So their position is that under California law his sentence was correct? I'm not sure what their position is with regard to whether his sentence was correct. Well, the original, if we go all the way back to the beginning of time, when there was a Court of Appeal opinion, there was a concession by the people that this last four-year part of the sentence was incorrect. And that was in the initial opening brief, responsive brief. I guess my only point is that if there really was an error, you could easily fix it by going back to the court. Well, I'm not sure that's true, Your Honor. All right. Because my client has gone back to the court, every court, you know. Well, you can go in pro se without the help of counsel. Well, that's true. But on the other hand, my reading of the record, his arguments were fairly cogent. He presented them to. . . Well, look, I don't want to, you know, we're not at the merits on this petition. He got kicked out on untimeliness. So why is there equitable tolling here? There's equitable tolling because, first of all, he couldn't speak English. So for the initial period of him being incarcerated until either by the report and recommendation December of 2003 or as presented by my client until March of 2005, he did not speak sufficient English. There were no English books. I'm sorry. So the district court just assumed that he would be entitled to equitable tolling and went on to the, I guess it was from March of 2005 forward? Is that the right? Well, it's actually not precisely correct. What happened was the judge said until December of 2003. December of 2003. The magistrate judge. . . There were a lot of dates here. And denied. The next series of issue comes up in the terms of what my client did was he would go into the Court of Appeal. They would issue an opinion. Then he would, instead of going on to the California Supreme Court, he decided that they were still getting it wrong. So as a per se litigant, he went back again to the California Court of Appeal. Isn't the basic problem here giving your client all the benefit with respect to the concern on the language ability? You still fall short because then when you start to talk about the gap tolling between the different state petitions, you run out of time if I'm calculating it correctly. Well, Your Honor, my position is that he is entitled to either. . . I know it gets fuzzy, but either gap tolling until February of 2008. So at that point he files. . . Why between 2005 and 2008 is he entitled to gap tolling for each of the periods between his successive petitions? Because my understanding is if you are not going to the next level in the state court system and too much time goes by, you don't get all that as tolled time. Okay. Well, two answers in response to that. One, I'm not sure I agree with you, Your Honor, that if he doesn't go up to the next level, he automatically is not entitled to gap tolling either under, what's the case, Bangor, or under an equitable tolling theory. For instance, Your Honor, there's a big period of time. There's 275 days between March of 2004 and December of 2004, and the magistrate judge doesn't give him any tolling for that time period. Well, technically that's an equitable time tolling because at that point in time he's told, you've got to go back to the prisons and try to figure that out. So what he does is he's been denied. He goes back. He writes letters to the court. He goes through the entire administrative procedure within the prison system, and they finally tell him, no, no, no, we still don't agree. Go hire an attorney. So at that point he then goes forth and tries to file another habeas petition because obviously he can't afford an attorney. The point is, the standard is, is he diligently pursuing his habeas rights? And the answer I would send to the court is, yes, he is. He is literally doing everything. Aren't you mixing equitable tolling and gap tolling? Yes, Your Honor. And can you do that? Because the equitable tolling concept, I understand, applies with the language issue. But once we're getting into the tolling between the state petitions, that's gap tolling, isn't it? And so it's a bit more of a mechanical calculation if I'm reading the case authority correctly. I would disagree, Your Honor, that he is not entitled to equitable. I agree that I'm sort of mixing the two, the gap tolling and the equitable tolling. That I acknowledge. But I don't think that simply because we're now talking about the period between the habeas petitions, that he's not entitled to equitable tolling between those. Because I think, Your Honor, the cases have discussed, even when it's like from superior court to court of appeal, if it's too long, the question is, is it reasonable? Was he working diligently? And the standard is, was he working diligently and did he present evidence that he was working diligently? And my argument is, is that for certain of these periods between the petitions, he was diligently pursuing. But did he tell the state court that he had good cause for the delay? Because we're looking at whether the state court dismissed it based or denied it based on it was too late, it was untimely, or whether there was, it was on the merits. And as I looked at the sort of summary dismissals by the superior courts, it looks like it falls within the category where we infer it was done on, it was untimely. And I didn't see that he argued that he had good cause for that delay to the court. Well, Your Honor, I guess both my client and I read the denial by the superior court to be that it was on the merits. They simply said they had made the corrections that the court of appeal required. I don't believe that any of the state court decisions, denials, either written, more than the one sentence denials ever said it was untimely for him to have come back and kept saying, you still don't have my sentence right. You still don't have my sentence right. I see I'm down to a minute. I'd like to reserve that for rebuttal. That's fine. Thank you. Good morning, Your Honors. Deputy Attorney General Dana Muhammad Ali for the warden. May it please the court. I'd just like to briefly address the fact that the district court here never reached the merits of petitioner's claims. So whether it was something that could be corrected in the state courts or not, that's not properly before this court. What is before this court is whether the district court properly dismissed the petition untimely. No one understood that there was a lot of, you know, there's been a lot of litigation over these last four years. And it seems like if there was an error, the state would want to fix it. I agree with you, Your Honor. Why bother? Why bother the superior court, the court of appeal, and now us, the district court, all this time and effort that we spend if there really was a mistake? Just fix it. I agree with you, Your Honor. But in this, what is before the court here is whether the district court properly dismissed the petition as untimely. And in the first instance, the district court did properly find that petitioner was not entitled to equitable tolling, that he didn't meet his high burden of demonstrating that he was both diligently pursuing his rights and that some extraordinary circumstance stood in his way. And that even giving him the benefit of equitable tolling, just for the sake of argument in this case, he still, his federal petition is still untimely. What date are we looking at? Are we looking at the March 23, 2005, where Torres conceded that he understood English the past four or five years? Or are we looking at an earlier time, like, for example, when there's a declaration from Jesse Contreras that indicated that a translator was helping as early as December 2004? What date are we looking at here? Okay. So here, Your Honor, the district court used the date of his first state habeas petition, which was filed sometime in December 2003. And so the district court found that as early as 2003, he either could communicate in English or had enough translation assistance to file a state habeas petition. Is that legally correct, though, that just the filing of a state petition is presumptively then a determination that you have English language ability? No, Your Honor. But in this case, the petition that was filed in the Superior Court was in English. And so the circumstances that petitioner is alleging justified equitable tolling here include that he couldn't communicate in English or he didn't have the assistance of bilingual inmates. And so as early as 2003, he had enough assistance, whether it was through his own means or through assistance of other inmates, to file a state habeas petition. So the court used that date sometime in December 2003, but they used the date of the denial of that first state habeas petition, which was filed in the Superior Court, which I believe was on March 10th, 2004. So the statute of limitations started running on that date. And so even using that date as the trigger date for the statute of limitations, petitioner's federal petition is still untimely. Now, that is the date that the district court used. What we further argued was using even petitioner's admitted trigger date, which was March 23rd, 2005, because petitioner signed a declaration on March 23rd, 2009, where he admits that he didn't have sufficient command of the English language until four or five years ago. So giving him the benefit of four years prior to the March 23rd, 2009 declaration, March 23rd, 2005, even using that later date, which the district court did not use, even using that later date, giving him equitable tolling up until that date, his federal petition is still untimely. He didn't have enough statutory or gap tolling to render his federal petition timely here. So the district court's judgment should be affirmed. If he goes through the gaps, which are the ones that give you – some of them are pretty short. I agree, Your Honor. So which gaps are you looking at, Your Honor? Well, let's see. Let's just start with March 23rd to June 24th, 2005. That's about a 93-day gap. March 23rd, 2005. That's the last possible day. Oh, right, right. So that's 93. Right, I agree, Your Honor. So he doesn't get any – there's nothing pending at that time. So he gets no gap tolling for that because we're just using March 23rd, 2005 as a start of the statute of limitations. So the first federal petition – I'm sorry, the first state habeas petition that was filed after that trigger date was on June 24th, 2005. Right. So the gap between the last possible day of his tolling was 93 days, right? Yes. But he doesn't get that gap tolling because there's nothing pending at that time. He doesn't get March 23rd, 2005 as the start of the statute of limitations. Well, he had the second appeal. It was pending. It was pending. And so we've said that if the third one, if the next one at the same level is merely corrective, just adding more information, then we don't say it's the start of a new round. Right. The petition, if I'm understanding you correctly, the petition that was filed on June 21st, 2005 was not merely correcting deficiencies. It alleged that there were clerical errors, which the previous petition had alleged, but also added an entirely new claim saying that the sentence was unauthorized by law. So he couldn't get the benefit of that. That was the same claim, though. That's what he was talking about. That's what his complaint was all about. Well, his complaint was all – it was –  His second petition, the one that was filed on June 24th, 2005, stated that he alleged that same claim, the clerical error claim, but then added an entirely new claim based on that claim, but saying it's an unauthorized sentence claim at this point. Right. So it's different. It's not just correcting any kind of deficiency. So we submit, Your Honor, that he doesn't get that 93 days. But moving on. So that starts a new round, in your view. Yes, Your Honor. Yes. Okay. Then he filed another petition on December 13th, 2005. Yes. Right? Yes, he did. And so between the denial of his second superior court petition, which was filed on July 20th, 2005, denied on August 11th, 2005, he waited 124 days before he filed his third superior court petition, which was filed on December 13th, 2005. So he doesn't get that gap tolling because, one. How do we know that that's not, since the fourth petition is missing from the record, how do we know that the fifth one isn't merely corrective? How could we infer that? Don't we have to give him the benefit of the doubt on that? Well, that is true that there is a petition that is missing. Correct. So I'm actually not sure that he would get the benefit of the doubt on that. In any event, he was going in descending order, and he hasn't explained the 124. Let's say just for the sake of argument that he was correcting those deficiencies. It's still a 124-day gap. And so that's an unreasonable delay. Well, you know, the California Courts of Appeal have been pretty generous. And as the opposing counsel pointed out, that court, I believe, denied it on the merits. I don't think we can infer that it denied it because it was untimely. If there's no clear indication whether the Court of Appeal, whether the state court denied something as untimely, then the federal district court is free to make that determination on its own. Didn't that court say it's denied because the error has already been corrected? I mean, they seem to have this, like, same line. They just, like, stamped it. It's already been corrected. It's already been corrected. But that's on the merits, it would seem to me. It seems whether the state court denied it on the merits, it does not preclude the fact that the state court could have denied it on timeliness reasons. And so the district court here was free. Any indication it was denied based on untimeliness? There is no indication. But when there is no indication whether it was denied as untimely or not, the district court still is free to say, you know what, this delay was unreasonable. It's more than the 30- to 60-day time limits that are allowed in California courts. You have a case where the state court denied a petition and gave a merits-based reason, and we held, but the district court is never the – and didn't say anything about timeliness, no alternative holding, but we said the district court can deem that to be untimely. I don't have a case right now that I can give you. I could – I'm happy to submit supplemental briefing if this court would like that. But I will submit that in this case, even giving him the benefit of the doubt of the gap tolling, he still – the statute of limitations still expired well before he filed the instant federal petition or he signed the instant federal petition. So here we have to look at what the district court did. And the district court, first of all, correctly found that no equitable tolling applied, but even giving him the benefit of the doubt and giving him equitable tolling, the federal petition is still untimely. And so the district court's determination here was not clearly erroneous, and so we submit that the judgment should be affirmed. Let me ask you, the case I was alluding to was, I think, Noble. Noble. Right. And I'm sorry, can you repeat what – Well, Noble acknowledged as a recent case by Judge Wallace dealing with gap tolling. Okay. And one of the things that they do is they send the case – they can't really – they send the case back to the district court to make all these assessments that we've been talking about. And in the opinion, they make reference – the court makes reference to how the California Courts of Appeal have treated what – looked at what's a reasonable delay. And they point out that, you know, the California Courts of Appeal have been somewhat generous in recognizing that the delay is not – is reasonable. Right. Up to nine months. Right. So notwithstanding that, Your Honor, I think in this instance, Petitioner has not met his burden of establishing that he's entitled to equitable tolling. That's the first question. And then the district court made the alternative holding that even if he were entitled to it, he would – you know, the petition is still untimely using the calculations that the district court made. So I think in either instance here, we still submit that the district court's judgment was correct. It was not clearly erroneous, any of their factual findings. And so this court should affirm. All right. Thank you, Your Honors. Thank you. Very briefly, Your Honors, I do believe that I checked over the opinions again. I don't think there was any issue of timeliness. It was simply they sent it back and said, no, your sentence is correct, even though they subsequently corrected it. And the other point I'd like to make is in the magistrate judge's recommendation, there's a denial of the equitable tolling, but on the gap tolling issue, whether it's called a gap tolling or it's called an equitable tolling, considering which part we're dealing with, they didn't address the various time periods. The magistrate judge simply said, I'm disallowing the 275 days because he went back to the same court. Therefore, it's untimely. So the district court never went through this analysis and never went through whether or not he was entitled to equitable tolling for the time he was writing letters to all the people in the prison trying to figure out what was going on and getting his administrative denials. So I suggest that to the extent that the court is trying to fill in gaps here, that the appropriate venue for doing that is to send it back to district court for an evidentiary hearing to clear up these issues, because I think there are serious factual disputes that were not addressed by the district court. Okay. Thank you, Your Honor. Thank you, Ms. Miller. We appreciate counsel's arguments. Thank you very much. And this matter is submitted.
judges: Seeborg, Paez, Ikuta